UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JACKIE DELMAS MASON,

    Petitioner,

v.    Case No. 18-cv-1351-pp

RANDALL HEPP,

    Respondent.

**ORDER SCREENING *HABEAS* PETITION (DKT. NO. 1)**

On August 31, 2018, the petitioner, who is incarcerated at Waupun Correctional Institution and is representing himself, filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254 challenging his November 30, 2012 conviction in Milwaukee County Circuit Court for third degree sexual assault and aggravated battery. Dkt. No. 1. On February 1, 2021, the court denied the petitioner's motion to proceed without prepaying the filing fee. Dkt. No. 9. Two weeks later, the court received from the petitioner the $5.00 filing fee.

This order screens the petition under Rule 4 of the Rules Governing §2254 Proceedings. Because it does not plainly appear from the record that the petitioner is not entitled to relief, the court will allow the petitioner to proceed on his claims and order the respondent to answer or otherwise respond.

    A.    Rule 4 Standard

Rule 4 of the Rules Governing §2254 Proceedings provides:

1

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear to the court that the petitioner is not entitled to relief in the district court. At the screening stage, the court does not rule on the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only the exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court still may be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner

prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B. Background

On November 30, 2012, a Milwaukee County jury found the petitioner guilty of two counts of third-degree sexual assault and three counts of aggravated battery. Dkt. No. 1 at 2; see also State v. Mason, Milwaukee County Case No. 12CF228 (available at https://wcca.wicourts.gov). The court sentenced the petitioner to nineteen years of imprisonment followed by nineteen years of extended supervision. Id. On September 8, 2015, the petitioner filed a postconviction motion in Milwaukee County Circuit Court. State v. Mason, Milwaukee County Case No. 12CF228 (available at https://wcca.wicourts.gov). A week later, the circuit court denied the motion. Id. The petitioner filed a notice of appeal on October 1, 2015. Id. On December 27, 2017, the Wisconsin Court of Appeals affirmed the judgment and decision denying postconviction relief. Id. The Wisconsin Supreme Court denied review on July 12, 2018. Id. On August 31, 2018, the petitioner filed his federal petition for a writ of *habeas corpus* under 28 U.S.C. §2254. Id. at 1.

C. The Petition

The petitioner asserts four grounds for relief: (1) the state courts violated his Sixth Amendment right to represent himself at trial, (2) ineffective assistance of counsel, (3) the trial judge was biased against him in violation of the Fourteenth Amendment and (4) the Wisconsin Court of Appeals was biased against him in violation of the Fourteenth Amendment. Dkt. No. 1 at 6-9. The

3

petitioner says that he raised his first three grounds to the Wisconsin Court of Appeals, and all of his grounds in his petition for review in the Wisconsin Supreme Court. Id. at 3.

D. Analysis

The petitioner has stated cognizable constitutional claims. See Jackson v. Bartow, 930 F.3d 930 (7th Cir. 2019) (considering a Sixth Amendment claim based on self-representation on *habeas* review); Trevino v. Thaler, 569 U.S. 413 (2013) (considering an ineffective assistance of counsel claim on *habeas* review); Oswald v. Bertrand, 374 F.3d 475 (7th Cir. 2004) (considering a Fourteenth Amendment claim based on judicial bias on *habeas* review). Because the Wisconsin Supreme Court denied review on July 12, 2018 and the petitioner filed his federal *habeas* petition on August 31, 2018, it appears that the petitioner filed his petition within the one-year limitation period. The petition states that the petitioner exhausted his state court remedies. Based on the court's preliminary review, the court cannot say that it plainly appears from the face of the petition or from any attached exhibits that the petitioner is not entitled to relief.

E. Conclusion

The court **ORDERS** that the petitioner may proceed on the grounds in his *habeas* petition.

The court **ORDERS** that within sixty days the respondent shall answer or otherwise respond to the petition, complying with Rule 5 of the Rules

Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

If the respondent files an *answer* to the petition, the petitioner should not object to that answer. Instead, the court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files his answer to file a brief in support of his petition (in this brief, the petitioner should explain why he believes the court should grant him the *habeas* relief he requests);

(2) the respondent has forty-five days after the petitioner files his initial brief to file the respondent's brief in opposition to the petition; and

(3) the petitioner has thirty days after the respondent files his opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion (such as a motion to dismiss the petition), the respondent must include a brief and other relevant materials in support of the motion. The petitioner then must file a brief in opposition to that motion within forty-five days of the date on which the respondent files the motion. If the respondent chooses to file a reply brief, he must do so within thirty days of the date the petitioner files the opposition brief.

The parties must submit their pleadings in time for the court to *receive* them by the deadlines stated above.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, the court will notify the Wisconsin Department of Justice (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The Department of Justice will inform the court within twenty-one days from the date of the NEF whether the Department of Justice will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent). The Department of Justice will provide the pleadings to the respondent on whose behalf the Department has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 26th day of March, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**